# In the United States Court of Federal Claims

No. 16-227C
(Filed: June 14, 2017)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MORPHOTRUST USA, LLC et al.,

    *Plaintiffs*,

v.

THE UNITED STATES,

    *Defendant,*

and

HID GLOBAL CORP.,

and

GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.

    *Third-Party Defendants.*

Patent infringement; Invalidity disclosures; Indefiniteness; Timeliness; Scheduling order.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    *Richard L. Brophy*, St. Louis, MO, for plaintiff.

    *Michel E. Souaya*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

    *Lionel M. Lavenue*, Reston, VA, for third-party defendant HID Global Corp.

    *Scott. A. Felder*, Washington, DC, for third-party defendant General Dynamics Information Technology, Inc.

## ORDER

BRUGGINK, *Judge*.

Pending in this patent litigation are two motions: plaintiff's motion to strike from defendant and third-party defendants' expert reports invalidity defenses based on indefiniteness to the extent not raised in those parties' February 13, 2017 disclosures and defendant and third-party defendants' motions for leave to amend their invalidity contentions to add those newly disclosed defenses. The matters are fully briefed and argument was heard on June 8, 2017. Because good cause was not shown by defendants for the amendment and because plaintiff would be prejudiced, plaintiff's motion is granted and defendants' motion is denied.

The court previously adopted the parties' proposed scheduling order. That schedule required defendants to provide plaintiff with their "invalidity contentions" by February 13, 2017. Defendants furnished plaintiff with those contentions by the deadline and included within them assertions that some of the claims were invalid as indefinite. Claims 1, 5, and 16 of the '494 Patent and claim 12 of the '152 Patent are asserted to be invalid because the terms "essentially" or "substantially" not visible "when viewed straight on" are indefinite. Defendants also notified plaintiff of their position that:

> Claim 2 of the '494 Patent includes the term 'resisting image capture.'. . . [T]he specification fails to provide any meaningful guidance on how to determine the scope of this claim—for example, just how much (or how little) of the visual properties may be image captured within the scope of the claim. . . . Defendants contend that claim 2 of the '494 Patent . . . is therefore indefinite.

Pl.'s Mot. to Strike Ex. C at 36-37 (Defendants' Joint Invalidity Contentions). No other assertions of indefiniteness were made.

When plaintiff received defendants' April 11, 2017 claim chart, proposed claim construction statement, and expert reports, other claims were challenged on indefiniteness grounds. In the expert report of Scott Sabreen "Regarding Indefiniteness," seven additional terms impacting several claims were challenged as indefinite. Plaintiff's motion seeks to disallow any challenge based on the indefiniteness of these terms because they were not included in the February 13 disclosure. Defendants' motion is the reverse of

2

plaintiff's; it seeks permission for defendants to amend their February 13 disclosure to add these indefiniteness arguments.

Defendants offer no real explanation for the late submission of additional challenges. In effect, they argue that, because courts frequently allow defendants to amend their invalidity contentions after the date for disclosure, the court and opposing counsel should have known that the deadline was more suggestive than definite. And, because indefiniteness is often considered by courts along with the construction of claim terms, the fact that claim construction is not yet finished in this case shows defendants' diligence in asking for amendment now. Further, they point out that the court is always free to reopen the issue of claim construction at later stages in the litigation, which shows, in defendants' view, why the deadline for disclosure of invalidity contentions ought not be strictly applied to preclude their adding new post-deadline indefiniteness challenges at this "early stage."

The court's order, of course, makes no such distinction in defenses, and, if defendants genuinely thought February 13 should not apply to indefiniteness, they should have notified the court and plaintiff of that view. The fact that other courts have addressed indefiniteness later in the litigation process is irrelevant. The question is when defendants in this action were obligated to stake their position with specificity. In addition, most of the case law relied on by the parties involved some explanation for missing the notification deadline based on new developments or discovery. Defendants make no pretense of offering such an excuse. They simply claim the right to amend its indefiniteness defenses as they sees fit.

Much of the jurisprudence in the patent area arises in jurisdictions with special local patent rules. Those courts typically require a showing of diligence by the party seeking amendment and only then consider whether there is prejudice to the non-moving party. *See, e.g.*, *O2 Int'l, Ltd. v. Monolithic Power Systems*, 467 F.3d 1355, 1362-63 (Fed. Cir. 2006) (case arising out of the Northern District of California). This court does not have such special patent rules, which defendants contend in their reply brief militates in favor of requiring a showing of prejudice by the party opposing amendment without regard to whether defendants were diligent in seeking an

amendment now.[1] They thus argue that plaintiff has not shown how the addition of seven new challenged terms now will prejudice it.

We hold that both diligence and prejudice are relevant considerations. In considering the Northern District of California's local patent rules, the Federal Circuit held that the question of whether diligence was required to show good cause for leave to amend infringement contentions was controlled by the law of this circuit because that question is unique to patent cases and has "a close relationship to the enforcement of substantive patent law." *Id.* at 1365. The circuit then affirmed the district court's holding that diligence was required for a showing of good cause. *Id.* at 1366. We believe that result is controlling here.[2] Rule 16 of this court's rules allows the modification of a court-imposed schedule "only for good cause and with the judge's consent." RCFC 16(b)(4). Relevant to the question of whether good cause exists in this context are both the questions of diligence and prejudice.

Defendants offer no acceptable explanation for the two month delay in proposing new indefiniteness challenges. It would be intolerable to case management if one party could simply reserve to itself the right to change its substantive positions without cause. We view the explanation that claims construction and indefiniteness are often intertwined as irrelevant to the procedural issue. Resolution of the two may well be closely linked, but the narrow question is one of timeliness of notice. Defendants plainly understood the February 13 date as a deadline related to indefiniteness arguments because they disclosed such defenses then. They offer no explanation, for example, why the phrase "optically variable device," which their expert now claims is

---

[1] Defendants' cited the *O2 International* case in their first brief as controlling and argued that they had been diligent. In their reply brief, they offer an alternative basis for allowing amendment, that diligence is not required because this court does not have analogous local patent rules.

[2] Under the Northern District of California's patent rules, amendment of infringement or invalidity contentions is governed by a specific rule, which allows amendment of final infringement or invalidity contentions only upon order of the court after a "timely showing of good cause." N.D. Cal. Pat. R. 3-6 (formerly rule 3-7). The district court has construed that phrase to mean that diligence is required of the party asserting good cause for the proposed amendment. *See O2 Micro Int'l*, 467 F.3d at 1363 (discussing the Northern District of California's local rules).

"meaningless," could not have been spotted as meaningless in February. Defendants rely on no unexpected results of discovery or intervening developments to justify the new assertions.[3]

Further, even if diligence were not required, we hold that plaintiff would be unduly prejudiced by this late amendment. Plaintiff points out that its expert has now staked out comprehensive positions with respect to claim construction without the understanding that defendants would challenge several additional terms as indefinite. Its expert expressed his views as to the meaning of several of the terms that defendants now challenges as indefinite. As plaintiff's counsel pointed out in oral argument, asking plaintiff to offer specificity as to prejudice is both difficult and potentially damaging to its position. Defendants offers as a cure to possible prejudice allowing plaintiff to develop a supplemental expert report, addressing the newly challenged terms and perhaps changing the earlier report, if necessary. The flaw in that approach, of course, is that it leaves plaintiff or its expert open to cross-examination or challenge concerning differences between the first and supplemental report.[4]

In sum, we find that plaintiff has shown sufficient prejudice and defendants have not shown good cause why the amendment should be allowed. Accordingly, plaintiff's April 20, 2017 motion to strike untimely invalidity arguments is granted. Defendants' motion for leave to amend their invalidity contentions is denied.

Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge

---

[3] One such development might be the court's construction of claim terms unanticipated as a possibility by defendants.

[4] Defendants also argued that no prejudice can be shown as to four of the newly challenged terms because plaintiff's expert addressed the meaning of those terms in his report. We agree with plaintiff, however, that its expert's view of those terms might have been different had he known that defendants would challenge them as indefinite.