# In the United States Court of Federal Claims

No. 16-227C
(Filed: September 15, 2017)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * *

MORPHOTRUST USA, LLC et al.,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant,*

and

HID GLOBAL CORP.,

and

GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.

*Third-Party Defendants.*

* * * * * * * * * * * * * * * * * * * *

Patent infringement; Notice to third party; RCFC 14(b)(2)(B)(iii); Good cause; Timeliness.

ORDER

Pending is defendant's July 5, 2017 motion for leave of court to notice an additional third party, Logistics Systems Incorporated ("LSI"), pursuant to Rule 14(b). We previously granted that motion prior to affording plaintiffs an opportunity to respond to it. *Morphotrust v. United States*, No. 16-227C (Fed. Cl. July 11, 2017) (order granting motion to notify interested party). Notice was sent by the clerk's office on July 12, 2017. LSI has not yet responded to that notice. On July 17, 2017, plaintiffs filed a motion for reconsideration, arguing that the government's motion for notice was untimely and that it thus

lacked good cause. We ordered defendants to respond to the motion for reconsideration. We granted reconsideration on August 17, 2017, vacated our prior grant of the motion for notice, reactivated the motion for notice to LSI, and asked for further briefing. That briefing is complete. Oral argument is unnecessary. Because defendant has not shown good cause, we deny the motion for leave to give notice to LSI.

This is an action under 28 U.S.C. § 1498 for recovery of compensation for the allegedly unlicensed use of plaintiff's patents with respect to certain identity cards by the U.S. Citizenship and Immigration Services' ("USCIS"). The action was filed in February 2016. The United States sought and was granted permission to notice potential third parties General Dynamics and HID Global Corporation on August 17, 2016. Those entities subsequently made appearances.

The court adopted the parties' proposed scheduling order, which required defendants to provide plaintiff with their "invalidity contentions" by February 13, 2017. *Morphotrust v. United States*, No. 16-227C (Fed. Cl. Nov. 2, 2016) (scheduling order). Defendants furnished plaintiff with those contentions by the deadline and included within them assertions that some of the claims were invalid as indefinite. When plaintiff received defendants' April 11, 2017 claim chart, proposed claim construction statement, and expert reports, it discovered that additional claims were challenged on indefiniteness grounds. Specifically, in the expert report of Scott Sabreen "Regarding Indefiniteness," seven additional terms impacting several claims were challenged as indefinite. Plaintiff objected and asked the court to strike those new defenses, and we did so on June 14, 2017. 132 Fed. Cl. 419 (2017).

On July 5, 2017, defendant filed its pending motion, seeking leave to add LSI as a third party defendant. Defendant asserts that the Permanent Resident Cards, also known as "Green Cards," and Employment Authorization Documents, all of which were issued by USCIS and which allegedly infringe plaintiff's patents, were provided by LSI under contract to the government. Defendant concedes that it was aware of this relationship earlier in the litigation but avers that it was not until fact discovery that it fully comprehended the importance of LSI to the manufacturing process. Specifically, the government contends that it now better comprehends that the allegedly infringing products include material, such as a polycarbonate card, sold to the government under a contract with LSI. Accordingly, LSI may have

an interest in this action and may desire to use or manufacture the components in the future.

The court's rules contemplate that defendant, if it wishes to bring in a third party, "must file any motion for notice on or before the date the answer is required to be filed." RCFC 14(b)(2)(B)(ii). Defendant's answer was filed on August 8, 2016. The rule allows, however, for an exception to the timing provision "for good cause shown." *Id.* § (b)(2)(B)(iii).

In its September 5, 2017 reply to plaintiff's opposition to the motion for leave to notice LSI, defendant offers the following by way of good cause:

> [W]hile it is true that the *fact* of LSI's involvement in the aforementioned processes has been known since 2016 (i.e., prior to the Government's receipt of Plaintiff's interrogatories in January 2017), the *extent* of that involvement was not clear until detailed discovery was conducted in 2017 into each contractor's role in those processes. This discovery consisted of escalating contract awards and amendments by the Department of Homeland Security to LSI which were included in the Government's May 23, 2017 production. Indeed, it was only after obtaining such discovery that the Government saw fit to elevate LSI's status from a contractor whose involvement with Green Cards and EADs was insufficient to warrant a Rule 14 Notice, to one whose involvement with those projects warranted such Notice.

Def.'s Reply 2 (emphasis in original). The suggestion that defendant's epiphany occurred only after "obtaining" discovery is less than ingenuous. The government was not obtaining discovery, it was responding to plaintiff's requests with its own information. The assertion that the government's investigation of its own records in response to plaintiff's interrogatory constitutes due diligence makes no sense; it certainly does not constitute good cause, particularly when the court has made substantive rulings which, if revisited, would penalize plaintiff, *cf.* RCFC 24(b)(3), or if not revisited, could potentially prejudice the third party.

Eric G. Bruggink
ERIC G. BRUGGINK

Senior Judge